COURT OF CHANCERY
OF THE
STATE OF DELAWARE

DONALD F. PARSONS, JR.
VICE CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: May 20, 2014
Date Decided: August 21, 2014

R. Judson Scaggs, Esq.
Kevin M. Coen, Esq.
Shannon E. German, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Michael F. Bonkowski, Esq.
Cole, Schotz, Meisel,
 Forman & Leonard, P.A.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801

RE:    *Carlyle Investment Management, LLC, et al.*
        *v. Moonmouth Company, S.A., et al.*
       Civil Action No. 7841-VCP

Dear Counsel:

This matter is before the Court on Defendants' Motion for Protective Order and for Reconsideration ("Motion for Reconsideration") as to this Court's May 6, 2014 ruling that Plaintiffs could proceed with general jurisdictional discovery. For the reasons stated in this Letter Opinion, the Motion for Reconsideration is denied.

*Carlyle Investment Management, LLC, et al.*
 *v. Moonmouth Company, S.A., et al.*
Civil Action No. 7841
August 21, 2014
Page 2

## I.     BACKGROUND

Plaintiffs served their Complaint in this action on Defendant Plaza Management Overseas S.A. ("Plaza") in late October 2012.[1]  On December 18, 2012, Plaza removed this action to the United States District Court for the District of Delaware (the "District Court").  On January 9, 2013, Plaza moved in the District Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6).  Defendant Louis J.K.J. Reijtenbagh purportedly was served with the Complaint on January 15, 2013.  On April 8, 2013, Reijtenbagh filed his own motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2), (4), (5), and (6).

On August 14, 2013, the District Court concluded that Defendants had removed this case properly, but that the 2006 Moonmouth Subscription Agreement,[2] to which Defendants contend they are not parties, constituted a waiver by Defendants of the right to remove any claim related to that Agreement.  The District Court also found that Plaintiffs' claims to enforce the releases to the 2009 Transfer Agreements, to which Defendants also deny being parties, were "related

---

[1]     The document served on October 23, 2012 was actually Plaintiff's First Amended Verified Complaint, D.I. 3 (the "Complaint").

[2]     Capitalized terms in this Letter Opinion have the definitions ascribed to them in the Complaint.

*Carlyle Investment Management, LLC, et al.*
  *v. Moonmouth Company, S.A., et al.*
Civil Action No. 7841
August 21, 2014
Page 3

to" the 2006 Moonmouth Subscription Agreement. Based on those findings, the District Court granted Plaintiffs' motion to remand the District Court action to this Court.

On August 15, 2013, Plaza appealed the remand order to the United States Court of Appeals for the Third Circuit. The Third Circuit heard argument on that appeal on June 4, 2014.

After the remand, Defendants filed on December 11, 2013 a Motion to Dismiss the Complaint or to Strike the Complaint or Certain Allegations Therein ("Motion to Dismiss"). Among other things, Defendants' motion argued that neither Plaza nor Reijtenbagh is subject to personal jurisdiction in Delaware. Specifically, Defendants asserted that the Complaint pleads no basis for personal jurisdiction other than consent, and that it pleads no facts that would support a reasonable inference of consent to jurisdiction by either Plaza or Reijtenbagh.[3]

On May 6, 2014, I heard argument on Defendants' Motion to Dismiss and two related motions: (1) a motion by Plaintiffs to strike what they considered an impermissible sur-reply; and (2) Defendants' motion to stay this action pending

---

[3]   Opening Br. in Supp. of Defs.' Mot. to Dismiss, D.I. 31, at 5.

*Carlyle Investment Management, LLC, et al.*
  *v. Moonmouth Company, S.A., et al.*
Civil Action No. 7841
August 21, 2014
Page 4

resolution of the appeal of the remand order to the Third Circuit.[4]  For the reasons stated on the record at argument, I denied Plaintiffs' motion to strike the so-called sur-reply, and allowed Plaintiffs to file a written response to it.  I granted Defendants' motion for a stay pending the outcome of the outstanding appeal to the Third Circuit from the District Court's order remanding this action to the Court of Chancery, subject to one exception requested by Plaintiffs at the argument.[5]  That exception authorized Plaintiffs to proceed with discovery on personal jurisdiction. Defendants have challenged the existence of personal jurisdiction in both this Court and the District Court.

On May 13, 2014, Defendants filed their Motion for Reconsideration regarding the Court's decision to allow Plaintiffs to proceed with jurisdictional discovery.  Defendants also requested a protective order barring that discovery. Plaintiffs opposed the motion.  I turn next, therefore, to the parties' respective arguments on Defendants' Motion for Reconsideration.

---

[4]     Defendants effectively sought a similar stay of this action from the federal courts, as well.  Both the District Court and the Third Circuit, however, refused to stay this action pending the appeal.

[5]     Tr. 41-52.

*Carlyle Investment Management, LLC, et al.*
 *v. Moonmouth Company, S.A., et al.*
Civil Action No. 7841
August 21, 2014
Page 5

## II.     <u>DISCUSSION</u>

The standard applicable to a motion for reargument under Court of Chancery Rule 59(f) is well-settled.    To obtain reargument, the moving party must demonstrate either that the Court overlooked a controlling decision or principle of law that would have a controlling effect, or the Court misapprehended the facts or the law such that the outcome of the decision would be different.[6]  It is the moving party's burden to show that "the court's misunderstanding of a factual or legal principle is both material and would have changed the outcome of its earlier decision."[7]   Motions for reargument, therefore, must be denied when a party merely restates its prior arguments.[8]

In their motion, Defendants purport to present three questions, the first two of which have several subparts.  First, Defendants contend that Plaintiffs waived all rights to discovery on general jurisdiction over them by: "(i) failing to timely

---

[6]     *See, e.g.*, *Medek v. Medek*, 2009 WL 2225994, at *1 (Del. Ch. July 27, 2009); *Reserves Dev. LLC v. Severn Sav. Bank, FSB*, 2007 WL 4644708, at *1 (Del. Ch. Dec. 31, 2007).

[7]     *Medek*, 2009 WL 2225994, at *1 (internal quotation marks omitted); *see also Serv. Corp. of Westover Hills v. Guzzetta*, 2008 WL 5459249, at *1 (Del. Ch. Dec. 22, 2008).

[8]     *Guzzetta*, 2008 WL 5459249, at *1.

*Carlyle Investment Management, LLC, et al.*
 *v. Moonmouth Company, S.A., et al.*
Civil Action No. 7841
August 21, 2014
Page 6

request any such discovery; (ii) failing to make any showing of any plausible basis for general jurisdiction; (iii) permitting briefing on the motion to dismiss for lack of [personal] jurisdiction to close without arguing or providing any basis for general jurisdiction; and (iv) allowing the motion to be submitted for decision with no showing of grounds for general jurisdiction." Second, Defendants argue that this Court should reconsider its order granting Plaintiffs' oral request for jurisdictional discovery of Reijtenbagh, because: "(a) Plaintiff's request for jurisdictional discovery and submission of previously undisclosed documentary evidence in support of that request were procedurally improper; and (b) Plaintiff's sole proffered basis for personal jurisdiction is groundless." And, third, Defendants' motion poses the question of whether a protective order should be granted barring jurisdictional discovery.[9]

In my view, however, Defendants' Motion for Reconsideration raises only two issues that warrant further discussion. The first is whether Plaintiffs, by failing to raise the issue of possible jurisdiction under Delaware's long-arm statute, 10 *Del. C.* § 3104(c), have waived that issue. The second is whether, in any event,

---

[9]    Mem. in Supp. of Defs.' Mot. for a Protective Order and for Recons., D.I. 65, at 3-4.

*Carlyle Investment Management, LLC, et al.*
 *v. Moonmouth Company, S.A., et al.*
Civil Action No. 7841
August 21, 2014
Page 7

Plaintiffs should be barred from pursuing discovery related to jurisdiction, because they have failed to make even a colorable showing that such jurisdiction might exist in the circumstances of this case.

On the question of waiver, Defendants' cries of unfair surprise are understandable, but they are insufficient to warrant this Court granting reargument or issuing a protective order. The somewhat unusual procedural posture of this action contributes to my decision. In that regard, I note that this dispute has proceeded and is proceeding in parallel in both this Court and the federal courts and that its progress has been slowed by the need to resolve a threshold issue as to removal. The issue now before the Third Circuit is whether the District Court erred in remanding this action to the Court of Chancery. That question, in turn, depends to a significant extent on what effect the Third Circuit gives to the consent to jurisdiction provision in the 2006 Moonmouth Subscription Agreement and to the releases in the allegedly related 2009 Transfer Agreements. If the Court of Appeals rules in Defendants favor and reverses the remand order, that may obviate the need for further proceedings in this Court and could lead to additional motion practice in the federal courts on issues such as personal jurisdiction. On the other hand, if the Third Circuit affirms the remand, that may reinforce Plaintiffs'

*Carlyle Investment Management, LLC, et al.*
 *v. Moonmouth Company, S.A., et al.*
Civil Action No. 7841
August 21, 2014
Page 8

argument that the two remaining Defendants, Plaza and Reijtenbagh, have consented to this Court's personal jurisdiction over them. In these circumstances, it is not unreasonable or surprising that Plaintiffs focused in the preliminary phases of this litigation as they did, on the issues pertaining to consent to jurisdiction and related questions. In retrospect, it might have been more efficient for Plaintiffs to have raised in the opposition to the Motion to Dismiss all grounds they might have had for asserting the existence of personal jurisdiction over Plaza and Reijtenbagh, including any arguments under 10 *Del. C.* § 3104(c) independent of the alleged consent to jurisdiction. Nevertheless, I do not consider Plaintiffs' failure to allude to those alternative contentions until the argument before me on Defendants' Motion to Dismiss to be sufficient grounds for concluding that Plaintiffs have waived any argument as to general jurisdiction over Defendants or the right to seek discovery pertaining to such argument.[10]

---

[10] The cases Defendants rely on for their argument that Plaintiffs waived discovery on general personal jurisdiction are distinguishable from this case. Pls.' Mem. 6. The motion before me was a motion to dismiss with some unusual characteristics, as discussed in the text *supra*. *Emerald Partners* involved a different procedural posture in that the Supreme Court was reviewing a decision that granted summary judgment. *Emerald P'rs v. Berlin*, 726 A.2d 1215, 1219 (Del. 1999). Because grounds for personal jurisdiction are not required to be pleaded in a complaint, failure to raise a

*Carlyle Investment Management, LLC, et al.*
  *v. Moonmouth Company, S.A., et al.*
Civil Action No. 7841
August 21, 2014
Page 9

In the District Court, Defendants made similar motions to dismiss to the motions pending here. I emphasize, however, that this ruling is limited solely to my determination that Defendants have failed to demonstrate that they are entitled

---

defense in opposition to a motion for summary judgment is more likely to give rise to a waiver than in opposition to a motion to dismiss under Rule 12(b)(2). Although each of the remaining cases were decided in the context of a motion to dismiss, they also are distinguishable from this case. Defendants relied on both *Lisa, S.A. v. Mayorga* and *Ruggerio v. FuturaGene, plc.* as examples of cases in which the court rejected an argument that certain asserted grounds for personal jurisdiction had been waived because they were not raised until the briefing or at oral argument. *Lisa, S.A. v Moyorga*, C.A. No. 2571-VCL, 2009 WL 1846308, at *6 n.26 (Del. Ch. 2009); *Ruggiero v. FuturaGene, plc.*, 948 A.2d 1124, 1134 n.21 (Del. Ch. 2007). The court's commentary on this argument is dicta, however, because, in both cases, the court ultimately considered the belated jurisdictional arguments and found them unpersuasive. *Lisa, S.A.*, WL 1846308, at *6 & n.26; *Ruggerio*, 948 A.2d 1124, 1134 & n.21. Neither of these cases, therefore, is controlling here. Lastly, Defendant relies on *In re American International Group, Inc.*, 965 A.2d 763, 815 n.194 (Del. Ch. 2009). There, the court refused to consider the plaintiff's argument for personal jurisdiction based on 10 *Del. C.* § 3104(c), because it was brought up for the first time in the plaintiff's sur-reply brief. *In re Am. Int'l Gp., Inc.,* 965 A.2d 763, 815 n.194 (Del. Ch. 2009). The Court did not consider that argument because the plaintiffs, in their answering brief, affirmatively represented that they were not relying upon § 3104(c)(4) as a basis for personal jurisdiction. *Id.* In contrast, Plaintiffs in this case did not explicitly disclaim any intent to rely on general personal jurisdiction. For all of these reasons, I find Defendants' reliance on the four cases it cited to be misplaced.

*Carlyle Investment Management, LLC, et al.*
 *v. Moonmouth Company, S.A., et al.*
Civil Action No. 7841
August 21, 2014
Page 10

to reargument or a protective order. That is, Defendants have not shown that this Court overlooked a controlling decision or principle of law that would have had a controlling effect, or misapprehended the facts or the law such that the outcome of my decision to authorize Plaintiffs to proceed with limited discovery related to the issue of personal jurisdiction would have been different. The scope of my May 6 ruling in that regard is narrow and merely procedural in nature. I have not attempted to assess at this point the strength or weakness of Plaintiffs' alternative jurisdictional arguments. Similarly, it is not my intention to prejudge or preclude the issue of waiver of any argument regarding general personal jurisdiction to the extent such an issue later might be presented in some form to the federal court.

I turn next to Defendants' second point, *i.e.*, that Plaintiffs should be barred from pursuing discovery related to jurisdiction because they have failed to make a plausible showing that such jurisdiction might exist in the circumstances of this case. In terms of the pending Motion to Reconsider, this argument is premature. The ruling being challenged was made during argument on both a motion to dismiss and a motion to stay. The thrust of the motion to stay was that everything in this Court should come to a halt as the parties and the Court await the outcome of the appeal currently pending before the Third Circuit. Both the District Court

*Carlyle Investment Management, LLC, et al.*
 *v. Moonmouth Company, S.A., et al.*
Civil Action No. 7841
August 21, 2014
Page 11

and the Third Circuit, however, denied efforts by Defendants to enjoin any further proceedings in this Court during the pendency of the appeal. In that context, I decided to stay this action generally, but to allow Plaintiffs to pursue discovery relating to jurisdiction generally, as opposed to jurisdiction based on consent. When I made that decision, no specific discovery requests were before me for review. Instead, I recommended that Plaintiffs consider propounding new requests consistent with my ruling.[11] Accordingly, I did not address the objection Defendants now assert regarding the groundless nature of Plaintiffs' proffered jurisdictional theories.

In addition, I note that, since the argument on May 6, 2014, Plaintiffs evidently have propounded jurisdictional discovery and Defendants have responded to some or all of it, albeit in many cases through objections. Moreover, Plaintiffs recently filed a motion to compel pertaining to this discovery. Oral argument on that motion is scheduled for August 28, 2014. In these circumstances, I find that there is no basis for reconsideration of my previous ruling and that it would be premature to contemplate issuing a protective order based on

---

[11] Tr. 55.

*Carlyle Investment Management, LLC, et al.*
 *v. Moonmouth Company, S.A., et al.*
Civil Action No. 7841
August 21, 2014
Page 12

Defendants' argument that Plaintiffs' jurisdictional positions are not even colorable. The record available on May 6 was not sufficient to address that issue and the limited nature of my ruling left open Defendants' ability to challenge the authorized discovery on any grounds it considered appropriate. Therefore, I also deny this aspect of Defendants' Motion for Reconsideration.

## III.  CONCLUSION

For the reasons stated in this Letter Opinion, I deny Defendants' Motion for Reconsideration.

IT IS SO ORDERED.

Sincerely,

*/s/ Donald F. Parsons, Jr.*

Donald F. Parsons, Jr.
Vice Chancellor

DFP/ptp